UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| IN THE MATTER OF THE SEARCH OF: | |
|---|---|
| INFORMATION ASSOCIATED WITH EMAIL ACCOUNT: | 1:19-SW-445 |
| HKULLAH@GMAIL.COM | **Filed Under Seal** |
| STORED AT PREMISES CONTROLLED BY GOOGLE, INC. | |

### UNITED STATES' MOTION TO SEAL AND FOR 18 U.S.C. § 2705(b) NONDISCLOSURE ORDER

The United States of America, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, asks this Court for an order to seal the search warrant, the application for search warrant, the affidavit in support of the search warrant, and the Motion to Seal and For Non-Disclosure Order pursuant to 18 U.S.C. § 2705(b), under which the United States asks this Court to order Google. Inc., not to disclose the existence of these materials except to Special Agents of the U.S. Department of State, Office of Inspector General, as part of its cooperation with law enforcement agents to execute the search warrant until such time as the search warrant materials are unsealed.

**I.    Reasons for Sealing** (*See* Local Rule 49(B)(1))

1.    At the present time, law enforcement officers of the U.S. Department of State, Office of Inspector General are continuing an investigation into violations related to wire fraud, in violation of 18 U.S.C. § 1343, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), and False Claims, in violation of 18 U.S.C. § 287. Although the individual being investigated is now aware of the investigation, he is unaware of the scope

of the investigation, the specific investigative steps being taken, and the facts gathered to date.

2. Premature disclosure of the specific and sensitive details of this ongoing investigation would jeopardize this ongoing criminal investigation, including by giving the target an opportunity to destroy or tamper with evidence and witnesses, change patterns of behavior, and notify confederates, if any. In addition, given the nature of the crimes under investigation and the status of the investigation, the specific details of the evidence included in the affidavit necessarily contain sensitive law enforcement information about an ongoing and proactive investigation. If such information were made public at this time, it would jeopardize the ongoing investigation. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

## II. The Governing Law (*See* Local Rule 49(B)(2))

4. It is generally recognized that the public has a common-law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrants and orders issued pursuant to 18 U.S.C. § 2703. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 292 (4th Cir. 2013); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). To substantively overcome the common law presumption of access to search warrant materials, a court must find that there is a "significant countervailing interest" in support of sealing that outweighs the

public's interest in openness. *In re Application*, 707 F.3d at 293, *citing Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003).

5. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

6. Regarding the notice requirement in the specific context of search warrants, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.* Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Id.* at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

7. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 430 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Goetz*, 886

F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal."). The government's interest in sealing may be supported by a desire to maintain the secrecy of the investigation, preventing the potential subject from being tipped off, or altering behavior to thwart the government's ongoing investigation. *In re Application*, 707 F.3d at 293.

### III. Period of Time the United States Seeks to Have Matter Remain Under Seal (*See* Local Rule 49(B)(3))

8. Pursuant to Local Rule 49(B)(3), the search warrant materials and the Nondisclosure Order will remain sealed until the need to maintain the confidentiality of these materials and the related investigation expires, after which time the United States will move to unseal the materials.

9. Notwithstanding this motion to seal, the United States requests authorization to provide copies as necessary to execute the application.

### IV. Reasons for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b)

10. Pursuant to 18 U.S.C. § 2705(b), this Court may order Google, Inc., not to notify any other person or entity (including any customer) of the existence of a search warrant issued pursuant to § 2703 for such times as this Court deems appropriate, so long as this Court finds that there is reason to believe such notification would result in, among other factors, "flight from prosecution," "destruction of or tampering with evidence," or "otherwise seriously jeopardizing an investigation." *Id.* at §§ 2705(b)(2), (3), & (5).

11. In this case, there is reason to believe that notification to any person or entity of the existence of the search warrant would result in destruction of or tampering with evidence or witnesses. This is because the investigation is ongoing. The subject, who is aware of the ongoing investigation, however, does not know the scope of the investigation, the nature of the evidence being assembled, or the investigative facts determined to date. Upon becoming aware of this investigative step, and any associated factors in the government's affidavit, the subject may destroy and delete electronic and other evidence of their illegal actions. In addition, a notified subject may also alert other subjects involved in the criminal activity, if any, thus seriously jeopardizing the investigation.

WHEREFORE, the United States respectfully requests that this motion and proposed order, be sealed until the United States makes a motion to unseal. The United States further requests that the Court order Google, Inc. not to notify any person or entity, including any of its customers, of the existence of the search warrant and related materials except to law enforcement officers of the U.S. Department of State, Office of Inspector General, as part of its cooperation with law enforcement agents to execute the search warrant, pursuant to 18 U.S.C. § 2705(b), for the period of one year from the date of this Order, subject to renewal upon a proper showing under 18 U.S.C. § 2705(b).

Date: April 24 2019

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Russell L. Carlberg
Special Assistant U.S. Attorney LT